BROWN *vs.* CAMPSALL.

APPEAL from *Baltimore* county court. Replevin for a horse. The defendant, (now appellee,) pleaded property; and at the trial, the plaintiff, (the appellant,) offered evidence to prove, that the horse mentioned in the declaration was once his property, and that before the institution of the present suit, he exchanged him with one *Wilson* for a horse which *Wilson* had previously stolen from one *Richard Norris*, and that *Wilson* represented to the plaintiff, at the time of the exchange, that the horse which he gave in exchange to the plaintiff was the horse of *Wilson*; that *Norris*, at the exchange, found his horse, so exchanged, in the possession of the plaintiff, who delivered him to *Norris*. The defendant then proved, that *Wilson*, after the said exchange, brought the horse which he had so as aforesaid received from the plaintiff, to the city of *Baltimore*, and sold him at public auction to the defendant, for a valuable consideration, and without any notice on the part of the defendant, of the manner in which he, the said *Wilson*, had acquired the horse, and that the sale at auction was made previous to the issuing of the replevin in this cause. The defendant then prayed the court to direct the jury, that if they believed the above facts, the plaintiff was not entitled to recover; which opinion and direction the court, [DORSEY Ch. J.] gave. The defendant excepted; and the verdict and judgment being against him, he appealed to this court.

The cause was argued before BUCHANAN, Ch. J. EARLE, MARTIN, STEPHEN, and ARCHER, J.

*R. Johnson*, for the Appellant, contended, 1. That the sale of the horse to the appellee was inoperative and invalid as against the appellant. 2. That at the time of the sale the appellant did not lose his property in the horse. 3. The contract being wholly void, the property in the horse continued in the appellant.

To show that the *English* law as to sales in *market overt* is not in force in this country, he referred to *Browning vs. Magill*, in this court, (June 1808,) and *Wheelwright vs. Depeyster*, 1 *Johns. Rep.* 471. He also contended, that *Wilson* might have been prosecuted for felony for taking the horse in dispute. He cited 3 *Bac. Ab.* tit. *Felony*, (C.)

*W* exchanged a horse, which he had before stolen, with *B*, for a horse of *B's*, and afterwards sold *B's* horse to *C*, for a valuable consideration, & without notice on the part of *C* of the manner in which *W* had obtained him. In an action of replevin by *B* against *C*, for this last horse—*Held*, that *B* was not entitled to recover

1825

Mass
vs
Rogers

132.    That sale was wholly void on account of the fraud. 1 Com. Cont. 37; and *Hodgson vs. Richardson*, 1 *W. Blk. Rep.* 465, per *Yates*, J.

*Moale*, for the Appellee.    As between the original parties to the contract, if it was fraudulent, there would be no question as to its being void. But that is not this case. Here the appellant parted with his property voluntarily. Until fraud was proved, *Wilson* had complete property in the horse. This is not the case of a horse stolen from the appellant, which would not divest the property, but it is a sale with his consent. The appellee had no notice of the fraud, and is a *bona fide* purchaser for a valuable consideration. He cited and relied on *Parker vs. Patrick*, 5 *T. R.* 175. *Doe vs. Martyr*, 4 *Bos. & Pull.* 332. *Jackson vs. Henry*, 10 *Johns. Rep.* 185; and *Fletcher vs. Peck*, 6 *Cranch*, 133.

JUDGMENT AFFIRMED.

---

JUNE.

*M* was duly bound an apprentice to *J M*, and others, in the city of *Baltimore*. He afterwards applied to the court of Oyer and Terminer, &c. for *Baltimore* county, with the consent of *J M*, and others, to be released from his indentures, where he was released; and with his own consent, and the consent of *J R*, that court pass this order—"It is adjudged and ordered, that *M*, be and he is hereby bound to *J R*, until he is 21 years of age, to learn the trade of," &c. In an action of *covenant* by *M* against *J R*, for a breach of this order—*Held*, that *M* was not entitled to recover

## MASS vs ROGERS.

APPEAL from *Baltimore* county court. This was an action of covenant, on an indenture of apprenticeship entered into by the defendant below, (now appellee,) the then master, in favour of the plaintiff, (the appellant,) as an apprentice. The declaration states, "that whereas by a certain indenture made on the *thirteenth* day of July, eighteen hundred and ten, at the county aforesaid, between the said *Mass*, by the name of *Thomas Jackson Mass*, by his mother, *Ann Mass*, of the one part, and *James Mosher*, *Robert Carey Long* and *William Gwynn*, of the other part, the counterpart of the said indenture sealed with the seals of the said *James*, *William* and *Robert*, the said *Mass* brings here into court, the date whereof is the day and year aforesaid, it was witnessed, that the said *Mass*, at his own free and voluntary will, and with the consent of his mother, placed and bound himself apprentice to the said *James*, *Robert* and *William*, to learn the art and mystery of spinning wool, and weaving and dressing woollen cloth, as by the said indenture, relation being thereto had, will more fully appear; and the said *Mass* further saith, that in virtue of a judgment and order of the court of oyer and